IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY, | : | CIVIL ACTION NO. 3:13-cv-1270 |
| *Plaintiff,* | : : : | |
| v. | : : | |
| KEVIN P. BURKE and MARC PASQUALE, | : : | |
| *Defendants.* | : | AUGUST 29, 2013 |

## COMPLAINT

Plaintiff PHL Variable Insurance Company ("Phoenix"), by and through its attorneys, files this Complaint against Kevin P. Burke ("Burke") and Marc Pasquale ("Pasquale") (collectively, "Defendants") as follows:

## THE PARTIES

1. Phoenix is a life insurance company organized under the laws of, and maintains its principal place of business in, the State of Connecticut and is a citizen of the State of Connecticut.

2. On information and belief, Defendant Kevin P. Burke is a citizen of the State of California who may be served with process in Torrance, California.

3. On information and belief, Defendant Marc Pasquale is a citizen of the State of Illinois who may be served with process in Chicago, Illinois.

## JURISDICTION AND VENUE

4. Burke is a citizen of California and subject to the personal jurisdiction of this Court because the Brokerage General Agent Agreement that governs Burke's relationship with Phoenix subjects Burke to the jurisdiction of the United States District Court for the District of Connecticut.

43992714.1

5. Pasquale is a citizen of Illinois and subject to the personal jurisdiction of this Court because the Broker Agreement that governs Pasquale's relationship with Phoenix subjects Pasquale to the jurisdiction of the United States District Court for the District of Connecticut.

6. This Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens and residents of different states, and the amount in controversy exceeds $75,000.00.

7. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.  In addition, the Brokerage General Agent Agreement between Burke and Phoenix and the Broker Agreement between Pasquale and Phoenix provide that any disputes arising out of those respective agreements shall be subject to the laws of the State of Connecticut without regard to Connecticut choice of law rules.

## FACTUAL BACKGROUND

8. Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance.

**A.     BURKE'S DEBTS TO PHOENIX**

9. Kevin P. Burke was an appointed brokerage general agent of Phoenix.  Pursuant to the Brokerage General Agent Agreement Burke executed with Phoenix (the "Burke Broker Agreement"), Burke agreed that any disputes arising out of the Burke Broker Agreement would be governed by Connecticut law.  This lawsuit arises out of the Burke Broker Agreement.

10. Burke marketed Phoenix life insurance to his clients, which resulted in the issuance of the following Phoenix life insurance policies:  Policy No. 97523544 insuring the life of James E. Kirby (the "Kirby Policy"); Policy No. 97524825 insuring the life of Caroline M. Kinkle (the "Kinkle Policy"); and Policy No. 97525211 insuring the life of Tom L. Johnston (the

"Johnston Policy") (collectively, the "Policies"). Pursuant to the Burke Broker Agreement, Phoenix paid Burke $1,738,515.80 in compensation for the above mentioned policies (the "Burke Compensation"). Specifically, Phoenix paid Burke $115,822.20 on the Kirby Policy, $1,210,000.00 on the Kinkle Policy, and $412,693.60 on the Johnston Policy.

11. Shortly after their issuance, the Policies were rescinded and Phoenix returned a portion of premiums paid on the Policies to the Policies' respective owners.

12. Under the Burke Broker Agreement, whenever Phoenix refunds or returns, for any reason, any amount of any premium payment made on a policy, any compensation paid by Phoenix to Burke on the policy must be promptly repaid to Phoenix by Burke.

13. While some of Burke's debt has been offset by (1) other compensation payable to Burke but withheld by Phoenix pursuant to the terms of the Burke Broker Agreement and/or (2) other offsets to which Burke is entitled, Burke remains liable to Phoenix for $708,015.12. Phoenix has demanded repayment of the Burke Compensation, but Burke has refused to remit any payment to Phoenix.

B.   **PASQUALE'S DEBTS TO PHOENIX**

14. Marc Pasquale was an appointed broker of Phoenix. Pursuant to the Broker Agreement Pasquale executed with Phoenix (the "Pasquale Broker Agreement"), Pasquale agreed that any disputes arising out of the Pasquale Broker Agreement would be governed by Connecticut law. This lawsuit arises out of the Pasquale Broker Agreement.

15. Pasquale marketed Phoenix life insurance to his clients, which resulted in the issuance of the Kirby Policy. Pursuant to the Pasquale Broker Agreement, Phoenix paid Pasquale $521,217.68 in compensation on the Kirby Policy (the "Pasquale Compensation").

16. Shortly after its issuance, the Kirby Policy was rescinded and Phoenix returned a portion of premiums paid on the Kirby Policy to the Kirby Policy's owner.

17. Under the Pasquale Broker Agreement, whenever Phoenix refunds or returns, for any reason, any amount of any premium payment made on a policy, any compensation paid by Phoenix to Pasquale on the policy must be promptly repaid to Phoenix by Pasquale.

18. While some of Pasquale's debt has been offset by (1) other compensation payable to Pasquale but withheld by Phoenix pursuant to the terms of the Pasquale Broker Agreement and/or (2) other offsets to which Pasquale is entitled, Pasquale remains liable to Phoenix for $299,235.49. Phoenix has demanded repayment of the Pasquale Compensation, but Pasquale has refused to remit any payment to Phoenix.

## CAUSES OF ACTION

### I.
### BREACH OF CONTRACT
### (AGAINST BURKE)

19. Phoenix incorporates paragraphs 1 through 18 as if fully set forth herein.

20. The Burke Broker Agreement is a valid and enforceable written contract under Connecticut law between Phoenix and Burke. Phoenix has fully performed its obligations under the Burke Broker Agreement. All conditions precedent to Phoenix's recovery against Burke under the terms of the Burke Broker Agreement have been performed or have occurred. Burke's failure and/or refusal, as described above, to honor his obligations under the Burke Broker Agreement constitutes a breach of the Burke Broker Agreement.

21. As a result of Burke's breach of the Burke Broker Agreement, Phoenix has incurred significant damages. More specifically, Burke's breach of the Burke Broker Agreement has caused Phoenix injury in an amount of at least $708,015.12.

## II.
## BREACH OF CONTRACT
## (AGAINST PASQUALE)

22. Phoenix incorporates paragraphs 1 through 18 as if fully set forth herein.

23. The Pasquale Broker Agreement is a valid and enforceable written contract under Connecticut law between Phoenix and Pasquale. Phoenix has fully performed its obligations under the Pasquale Broker Agreement. All conditions precedent to Phoenix's recovery against Pasquale under the terms of the Pasquale Broker Agreement have been performed or have occurred. Pasquale's failure and/or refusal, as described above, to honor his obligations under the Pasquale Broker Agreement constitutes a breach of the Pasquale Broker Agreement.

24. As a result of Pasquale's breach of the Pasquale Broker Agreement, Phoenix has incurred significant damages. More specifically, Pasquale's breach of the Pasquale Broker Agreement has caused Phoenix injury in an amount of at least $299,235.49.

**PRAYER**

For the foregoing reasons, Phoenix respectfully requests that the Court:

(a) enter judgment against Kevin P. Burke, entitling Phoenix to recover its actual damages, less any recoupments and/or offsets, and pre-judgment and post-judgment interest;

(b) enter judgment against Marc Pasquale, entitling Phoenix to recover its actual damages, less any recoupments and/or offsets, and pre-judgment and post-judgment interest; and

(c) award such other and further relief, at law or in equity, to which Phoenix may be entitled.

43992714.1

                                                Respectfully submitted,

                                                PLAINTIFF,
                                                PHL VARIABLE INSURANCE COMPANY

                                                By       /s/ Eric L. Sussman
                                                       Eric L. Sussman (ct19723)
                                                       DAY PITNEY LLP
                                                       242 Trumbull Street
                                                       Hartford, Connecticut 06103-1212
                                                       (860) 275-0100
                                                       (860) 275-0343 (fax)
                                                       *elsussman@daypitney.com*
                                                       Its Attorneys

OF COUNSEL:

EDISON, MCDOWELL & HETHERINGTON LLP
Jessica L. Wilson*
Texas Bar No. 24028230
Andrew R. Kasner*
Texas Bar No. 24078770
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:  (713) 337-5580
Telecopy:  (713) 337-8850
* *Pro hac vice applications to be filed*

Page 6